PAUL STARRETT, respondent,

*v.*

HARRIET G. BOYNTON et al., appellants.

[Argued December 3d and 4th, 1907.   Decided June 15th, 1908.]

1. Complainant entered into a verbal contract with the authorized agent of the defendants for the purchase and sale of a house and lot.  The deed delivered in execution of this contract did not include a strip of land which was a part of the property bargained for.  Complainant, after receiving the deed and paying the purchase-money, entered into possession of the whole tract with the acquiescence of the defendants.  At the end of two months the defendants disputed the complainant's ownership of the strip of land not included in the deed.—*Held*, that under the facts recited there had been such a part performance of the verbal contract for the sale of the strip in controversy as to entitle the complainant to a decree for the specific performance thereof.

2. Protest of vendors against a retention by the vendee of a disputed strip of land, included in the contract of sale, but not in the description in the conveyance, not made until two months after the vendee has entered into possession thereof with the acquiescence of the vendors, constitutes no defence to a suit to compel specific performance.

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Stevens.

*Mr. Edward M. Colie,* for the appellants.

*Messrs. Guild & Martin,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The defendants, Harriet G. Boynton and her husband, conveyed to Starrett, the complainant, a house and lot in East Orange, known as No. 73 Harrison street.  The negotiations leading up to the transfer were conducted on the part of the Boyntons by one Bruen, a real estate agent who was employed

by them to sell the property and who prepared the deed for the same from a description furnished to him by his principals. The price agreed upon and paid by Starrett for the property was $22,500. About two months after receiving his deed and entering into possession Starrett was informed by his grantors that the description of the property contained in the conveyance stopped ten feet short of a privet hedge which apparently separated No. 73 Harrison street from other property of the Boyntons. Claiming that, by the terms of his contract with Bruen, he was to have a conveyance of all the land within the privet hedge, he demanded of the Boyntons a conveyance of the omitted parcel. This they refused to give him, asserting that the land described in his deed was all that Bruen was authorized to sell to him, and all that he had purchased. He thereupon filed his bill for relief, and, at the hearing, the learned vice-chancellor before whom the cause was tried concluded, from the evidence submitted, that "Bruen offered to the complainant and that the complainant agreed to buy the property extended to the privet hedge;" and, further, that "Bruen had been originally authorized [by the Boyntons] to sell up to the hedge and that in this respect his instructions were never varied." Finding these facts he advised a decree compelling the Boyntons to execute to Starrett a conveyance of the strip of land in dispute. A decree so directing was accordingly entered, and from it this appeal is taken by the defendants.

Two grounds of reversal are insisted upon before us: 1. That the conclusion reached by the learned vice-chancellor that Bruen was authorized by the defendants to make sale of all the land up to the privet hedge was not justified by the evidence. 2. That if he was so authorized, and contracted to that effect, the contract is unenforceable under the statute of frauds, for the reason that it was not in writing, which is the fact.

Our examination of the proofs entirely satisfies us that the conclusion reached by the vice-chancellor on the facts was justified; that the property which Bruen was authorized by the defendants to sell included the strip of land in dispute, and that the contract which Bruen, on behalf of his principals, made with the complainant embraced the whole tract up to the privet hedge. The

question of the effect of the statute of frauds upon the right of the complainant to enforce the performance of the contract was not considered by the learned vice-chancellor. It apparently was not even raised before him and the proofs bearing upon the respective rights of the parties under the statute are of the most meager description. It was in evidence, however, that the complainant after entering into possession of No. 73 Harrison street assumed charge of the disputed strip and had taken care of it thereafter until the time of the hearing, although Mr. Boynton had twice protested by letter against his action.

Although the statute of frauds declares that no action shall be brought upon any contract or sale of lands unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, equity will intervene to enforce a verbal contract for such sale, notwithstanding the statute, when there has been a part performance thereof by the payment of the purchase-money by the vendee and entry into possession of the land by him, in pursuance of the contract and with the consent of the vendor. So universally is this principle recognized that a citation of authority in support of it would be out of place. Not attempting to dispute the principle, counsel for the appellants contends that the present case is not within it. His contention seems to us to be unsound. The payment of the purchase-money by the complainant and his entry into possession of No. 73 Harrison street, are uncontroverted. His assumption of the charge of the disputed strip, and of its care is not denied, and constitutes *prima facie* proof of possession thereof. His entry into the possession of 73 Harrison street, and of the disputed strip, as a single parcel of land, under the belief that it constituted the property purchased by him, is proof that such entry was in pursuance of the contract if it was acquiesced in by the defendants. That his entry was with their consent may be deduced with reasonable certainty from the fact that they waited for two months after he had gone into possession before notifying him that his deed did not cover the disputed tract—and in this way: If the delay in the notification was due to the fact that the misdescription in the deed was the result of an honest mistake, the defendants suppos-

ing, at the time of its delivery, that the description contained in it covered all of the property which they had agreed to sell to him, and not discovering the mistake, or conceiving the idea of taking advantage of it to defraud the complainant, until after the latter had entered into possession, that entry was demonstrably with their consent. If, on the other hand, the disputed strip was intentionally omitted by the defendants from the description contained in the deed, as a step in a scheme to defraud the complainant, then the only reasonable explanation of their delay, in notifying him of its omission, until after he had entered into possession, is that they desired the whole transaction to be completed, so far as the complainant was concerned, before he should learn of the fraud which they were attempting to perpetrate upon him, and so prevent him from refusing to complete the purchase and pay the purchase-money. Such a scheme contains as a necessary ingredient the consent of the vendors to the entry into possession by the vendee.

We conclude for the reasons we have expressed that the statute of frauds affords no bar to the complainant's right to specific performance.

The protest of the defendants, against the retention of the disputed tract by the complainant, not having been made until after entry into possession thereof by the latter, affords no reason for the refusal by a court of equity to compel the specific performance of the contract of sale.

The decree appealed from will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—13.

*For reversal*—None.